Leslie Bell v. The State.

No. 7024.   Decided June 23, 1922.

Rehearing Denied October 11, 1922.

1.—Manufacturing Intoxicating Liquor—Indictment—Rule Stated.

There was no reversible error in overruling a motion to quash the indictment upon the ground that illegal testimony was heard by the grand jury returning such indictment.

2.—Same—Indictment—Negativing Exceptions.

It is not now necessary for an indictment charging a violation of the Dean law under the amendment of the called sessions of the Thirty-Seventh Legislature, to negative the exceptions which are referred to.

3.—Same—Evidence—Res Gestae—Declarations of Defendant.

The statement of appellant, or his brother in presence of appellant, to the effect that the officer should not arrest a certain party for this offense, that the outfit found by the officer belonged to them, was properly admitted as part of the *res gestae.* Following Bronson v. State, 59 Texas Crim. Rep., 17, and other cases.

4.—Same—Evidence—Cross-Examination.

Upon trial of manufacturing intoxicating liquor, there was no error in the refusal of the court to permit a State's witness to answer appellant's question which was, "He said you had a search warrant," under the facts in the instant case.

5.—Same—Jury and Jury Law—Written Request.

Under Art. 5158½-f, R. S., 1920, defendant had the right to draw the jury in accordance with the provisions thereof, by presenting a written request, etc., which the court overruled, and the same is reversible error.

6.—Statutes Construed—Jury Law—Interchangeable Jury Law.

That portion of Art. 5158½-f, R. S., 1920, embraces the substance of Articles 702, and 703, C. C. P., which relates to the selection of the jury where the interchangeable jury law is not in effect.

7.—Same—Jury and Jury Law—Question of Injury

The contention in the instant case, that it failed to show injury to appellant, although there was a clear violation of statutory requirements, is untenable. Following Duke v. State, 51 Texas Crim. Rep., 441, and other cases. Overruling Ellis v. State, 69 Texas Crim. Rep., 469.

Appeal from the Criminal District Court of Tarrant. Tried below before the Hon. Geo. E. Hosey.

Appeal from a conviction of manufacturing intoxicating liquor penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Estes, Payne, Morris & Pressley,* for appellant.—Cited Oliver v. v. State, 197 S. W. Rep., 185; Clark v. State, 207 id., 98.

*R. G. Storey,* Assistant Attorney General, and *S. M. Brown,* District Attorney, for the State.—Cited on question of *res gestae*: Wood v. State, 78 Texas Crim. Rep., 654.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Tarrant County of the offense of manufacturing liquor, and his punishment fixed at four years in the penitentiary.

We know of no law in this State to justify the quashing of an indictment upon the ground that illegal testimony was heard by the grand jury returning such indictment. There was no error in the action of the lower court in refusing to quash the indictment in the instant case based upon said proposition.

It is not necessary that the indictment allege that the manufacture of the liquor in question was not for medicinal sacramental, scientific or mechanical purposes. Under the amended Dean act, Chapter 61, General Laws, First and Second Called Session, Thirty-seventh Legislature, p. 233, the manufacture of intoxicating liquor is forbidden, and in a separate section from that containing the definition of the offense it is provided that if such manufacture be for medicinal, sacramental, etc., purposes, and after a permit has been secured for so doing, such act shall not be punishable under the laws of this State. We are of opinion that it is not now necessary for an indictment charging a violation of the Dean law as under said amendment, to negative the exceptions which are referred to. The instant prosecution was for an act alleged to have been committed since the taking effect of said amended law.

The statement of appellant, or his brother in the presence of appellant, to the effect that the officers should not arrest one McMillan for this offense, that the outfit found by the officers "belongs to us," meaning himself and his brother, was properly admitted as a part of the *res gestae*. The officers had just discovered the still then in operation for the manufacture of liquor, and along with it a large number of barrels of mash and other things connected with said illegal business. Part of the mash was boiling in a large container, and the whisky was dripping from the mouth of a coil at the lower end of a barrel of water. The rule of *res gestae* seems to ex-

tend and to include statements of parties then engaged in the commission of the criminal act. In this class might be included the statement of thief caught in possession of stolen property, or a burglar found red-handed in the act of entering a house or removing property therefrom, and we have no doubt of the application of the rule of *res gestae* to statements made by one found engaged in the manufacture of liquor, or in such proximity thereto as to fall within every reasonable deduction of his connection therewith. With us the rule of *res gestae* is superior to that which calls for the exclusion of the statements of one under arrest. Bronson v. State, 59 Texas Crim. Rep., 17; Gowan v. State, 64 Texas Crim. Rep., 401; Hickman v. State, 65 Texas Crim. Rep., 583, 145 S. W. Rep., 914; Powers v. State, 23 Texas Crim. App., 42.

We are unable to perceive any reversible error in the refusal of the court to permit a State witness to answer appellant's question which was as follows: "You said you had a search warrant?" We are not given any fact which would have appeared as the result of the answering of such question by said witness, the rejection of which was or could have been hurtful to appellant. We have examined the testimony carefully. Appellant was known under the name of Joe Bell. The officers procured a search warrant to search the premises of Ernest and Joe Bell. They found in the loft over the house a large quantity of mash, a still in operation, intoxicating liquor manufactured and being manufactured, and were told by appellant and his brother that the outfit belonged to them.

Appellant's bill of exceptions No. 3 complains of the refusal of the trial court to draw the jury in accordance with the provisions of Article 5158½ f of the Revised Statutes of 1920. From said bill it appears that before the case went to trial appellant filed and presented to the court a written request as follows:

"To the Honorable George E. Hosey, Judge of said Court:

Now comes the defendant, Leslie Bell, and moves the court on the call of this case to have the jury regularly drawn in open court as is required by Revised Statute 1920, article 5158½ f, which motion he will renew on his announcement of ready, and after he had announced ready for trial.

Wherefore, the defendant prays your Honor to have the jury drawn in open court, as the law requires.

                                        Leslie Bell, Defendant."

After setting out this written request said bill proceeds with the following statement:

"Which motion the court, on considering, in all things overruled and permitted the jury to be selected by the officer and brought into court, and refused to draw said jury names from the hat as requested, to which action of the court the defendant then and there in open court excepted and here now tenders his bill of exceptions."

Article 5158½ f was enacted in 1919, and is applicable to the Criminal District Court of Tarrant County. It contains the following: "Provided however, that the trial judge, upon the demand of any party to any case reached for trial by jury, or of the attorney for any such party, shall cause the names of all the members of the general panel available for service as jurors in such case, to be placed in a hat or other receptacle and well shaken and said trial judge shall draw therefrom the names of a sufficient number of jurors from which a jury may be selected to try such case, and such names shall be transcribed in the order drawn on the jury list from which the jury is to be selected to try such case. (Acts 1917, ch. 78, sec. 7; Acts 1919, ch. 6, sec. 1.)"

We know of no reason, nor is any assigned, for upholding the refusal of the right to have the names drawn in the manner directed by this statute. It was requested. It was refused. A plain right given by law was denied. The case will be reversed.

*Reversed and remanded.*

ON REHEARING.

October 11, 1922.

HAWKINS, JUDGE.—The State, through the Hon. Jesse M. Brown, Criminal District Attorney of Tarrant County, has presented a motion for rehearing calling attention to the fact that our opinion is not in harmony with Ellis v. State, 69 Texas Crim. Rep., 469, 154 S. W. Rep., 1010.

In 1917 the Legislature passed what is known as the "Interchangeable Jury Law" to apply only in counties maintaining three or more District Courts. (Acts 1917, ch. 78). This law has been carried forward in Vernon's "Complete Texas Statutes" as articles 5158½ to 5158½ i inclusive. That portion of Article 5158½ f quoted in our opinion embraces the substance of articles 702 and 703 (Old Arts. 682 and 683) C. C. P., which relate to the selection of juries where the "Interchangeable Jury Law" is not in effect, and the evident purpose of Article 5158½ f was to make the same provisions effective in counties coming under the latter law. This being true the laws should logically receive the same construction.

The point is made that the bill of exception presenting the question in the instant case fails to show injury to appellant, and although there was a clear violation of a statutory requirement, in the absence of injury shown, our opinion to be consistent with the Ellis Case, *supra*, should have held the error harmless. Duke v. State, 61 Texas Crim, Rep., 441, 134 S. W. Rep., 705 and Mays v. State, 50 Texas Crim. Rep., 165, 96 S. W. Rep., 329 are cited in the Ellis case as authority for the proposition there decided. An examination of those cases reveals that in neither was a violation of a statutory requirement involved, and in that respect are entirely different from

the Ellis case. We cannot regard them as supporting the proposition decided in the latter case. The Ellis case makes no reference to Adams v. State, 50 Texas Crim. Rep., 586, 99 S. W. Rep., 1015, where the exact articles of the Code of Criminal Procedure were under consideration. The objection there was timely presented, and this court, speaking through Judge Henderson, upon the very point that no injury was shown, uses this language:

"It is no answer to this requirement of the statute to urge that no injury is shown; that appellant, by the means adopted, was furnished with a fair and impartial jury. We might go further, and say, according to this reasoning, the court might adopt any method outside of the statute which might secure a fair and impartial jury. The law has ordained a tribunal for the trial of criminal cases, and has provided the method of selecting a jury, and there is no authority to resort to any other method, and it is not incumbent on appellant to show that he suffered injury by the failure of the court to follow the statutory method."

The Adams case is in line with many authorities from this court prior to that opinion. We quote the language of Judge Wilson in Pierson v. State, 18 Texas Crim. App., 524:

"It has been well said: 'The rule is well settled that it is the duty of the court to superintend the selection of the jury, in order that it may be composed of fit persons. Large discretion must be confided to the trial court in the performance of this duty, nor will the action of the court in this behalf be made the subject of revision, *unless some violation of the law is involved* or the exercise of a gross or injurious discretion is shown.' (Thompson & Merriam on Juries, Sec. 258.) And it has been repeatedly held by this court that in determining as to the fitness of a juror, the question is one largely of discretion with the trial judge, and his action therein will not be revised by this court, unless it be made apparent that the discretion has been abused to the injury of the defendant's rights, *or that the law has been infringed.*" (Italics ours).

In Mason v. State, 15 Texas Crim. App., 534, the court was passing upon the trial judge's discretionary powers relative to individual jurors, and uses this language:

"He has the proposed juror before him; observes his manner of answering questions, his appearance and many other indications which cannot be brought before this court; and hence the trial judge is in a much better condition to pass upon the fitness of the individual to serve as a juror in the case, than this court can be from the record alone. Such being the case, this court will not revise such action of the trial judge unless it should be made apparent to us that the trial judge had abused the discretion confided to him, to the injury of the defendant's rights, *or that he had infringed the law.*" (Italics ours.)

As analogous we cite Venn v. State, 86 Texas Crim. Rep., 633, 218 S. W. Rep., 1060; Revill v. State, 87 Texas Crim Rep., 1, 218 S. W. Rep., 1045; Mays v. State, 87 Texas Crim, Rep., 512, 222 S. W. Rep., 571; Wray v. State, 89 Texas Crim. Rep., 632, 232 S. W. Rep., 809; Matheson v. State, 92 Texas Crim. Rep., 208. —construing article 553, C. C. P., providing that if defendant in a felony case is on bail the clerk shall deliver to him or his counsel a copy of the indictment and the effect of non-compliance therewith.

We regard our original opinion as in consonance with the well established authorities, and the Ellis case, *supra*, as out of harmony. In so for as conflicts with this opinion and Adams v. State, *supra*, the Ellis case is expressly overruled.

The motion for rehearing is denied.

*Overruled.*