L. C. RAYBURN v. THE STATE.

No. 7653.  Decided October 31, 1923.

**1.—Manufacturing Intoxicating Liquor—Confession.**

Where, upon trial of unlawfully manufacturing intoxicating liquor, there were no objections urged to the introduction of the signed confession and there was no effort to have the court submit to the jury any question of its voluntary character, and there appears no distinction in the legal effect of the statements in the signed confession and those sought to be elicited in the unsigned statement or confession, there was no reversible error.  Following Parker v. State, 91 Texas Crim. Rep., 68.

**2.—Same—Evidence—Res Gestae—Arrest.**

Where complaint is made because the State was permitted to prove that defendant requested the officers not to arrest a certain party, as he had nothing to do with it; the objection being that appellant was under arrest at the time, held that the declaration was *res gestae*.  Following Bell v. State, 92 Texas Crim. Rep., 242, and other cases.

Appeal from the Criminal District Court of Tarrant.  Tried below before the Honorable George E. Hosey.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*John L. Poulter & Levi Pressley*, for appellant.  On question of confession, Brown v. State, 158 S. W. Rep., 533; Wasson v. State, 168 id., 121.

*R. G. Storey*, Assistant Attorney General, *R. K. Hangar*, Criminal District Attorney, for the State.  On the question of confession, Smith v. State, 232 S. W. Rep., 497; Mason v. State, 236 id., 93.

HAWKINS, JUDGE.—Conviction is for the unlawful manufacture of intoxicating liquor.  Punishment, one year in the penitentiary.

Appellant lived on a farm in Tarrant County with his wife and some small children.  On the morning of April 15, 1922 county detective Rhodes, with three other officers, went to the home of appellant, and as they approached some of them saw him come from a smokehouse with a sack in his hand, going towards his residence. He set the sack down between the smokehouse and the residence. Later, upon making an examination of the sack, it was found to contain a jug which had the smell of whisky in it.  Appellant was in the house by the time the officers reached there, and at the barn was a young man by the name of Brown.  The officers made a

search of the premises. About three hundred yards from the house they found a still which was hot; full of mash, and with several barrels of mash near it. Between appellant's residence and the still was a well. A trail led from the house to the well and from there on to the still. Near this trail was found a five gallon bottle of corn whisky. Appellant was with officer Rhodes at the time the still and whisky were found. After the officers had arrested appellant and were preparing to arrest Brown, appellant said to them: "Do not arrest Brown, he has nothing to do with it." In addition to the foregoing testimony the confession of appellant was introduced in evidence. After the statutory warning it proceeds as follows:

"My name is L. C. Rayburn. I am 29 years old. Since early in January, 1922, I have lived about five miles north west of Mansfield, Texas, on the Morrow Farm. About April 1st, 1922, I went into partnership with a man named 'Shorty' whose real name I cannot now recall. He furnished a still and I agreed to let him operate same on my place and I was to aid and protect him all that I could. I helped him carry the water for the mash which was made and also helped him handle the sugar and meal which he brought to my place. I was present at several runs when corn whisky was made. I got my part of the money which was made from the sale of the whisky made there and I know what the sugar, meal and mash was there for and I agreed to the making of the corn whisky, accepted a part of the profits, was present at the making on several occasions and helped him as stated above. This man 'Shorty' has spent several nights with me at times when the still was in operation. (Signed L. C. Rayburn.")

The State placed upon the witness stand David McGee, assistant criminal district attorney, and proved by him the execution by appellant of the confession heretofore set out. No reference was made by the State in their examination of McGee to any statement having been made by appellant which he refused to sign, but upon cross-examination appellant developed the fact that McGee at first wrote out a statement which appellant declined to sign, but did execute the one introduced in evidence. After these matters were developed by appellant the State upon redirect examination of McGee presented to him the unsigned statement and had him identify it as being the first one he wrote and offered it in evidence; objection was interposed by appellant that it was unsigned and therefore inadmissible and it was excluded. While appellant was testifying in his own behalf he was also asked by his counsel on direct examination about the two statements, one of which he had not signed. Upon cross-examination appellant was asked by counsel representing the State if on a prior trial he and his attorney had not introduced the unsigned statement in evidence and then wanted

the jury to know what was in it.. To this question he replied that he did not remember, and then the question was propounded: "And if you didn't find out that was more convincing argument and proof of your guilt and you now object to its introduction, and that is the reason you failed to sign it on that occasion?" To this latter question appellant answered that he did not know. At this point objection was interposed by counsel for appellant on the ground that it was an attempt to prove the contents of a written instrument which already had been ruled not to be admissible. The court over-ruled the objection upon the ground that counsel for appellant had initiated the inquiry. about the unsigned statement and that he would therefore permit a cross-examination with reference to the matter, whereupon counsel for the State propounded to appellant the following questions and received the answers indicated.

"Didn't you make a statement to David McGee that you and this man Shorty went in partners and you made whisky and Shorty sold it and you were to get your part of the proceeds of it, didn't you tell him that?

"He asked me a lot of questions.

"Did he ask you that?

"If it is in the statement I suppose he did.

"And if the answer is there you suppose you answered it that way?
"Yes, sir."

It will be observed that no question propounded received a direct reply from appellant touching the contents of the unsigned. statement, but it is urged that the procedure was objectionable be-. cause the effect of the questions was to get before the jury such con-. tents. Counsel for appellant having opened the inquiry relative. to an unsigned statement having been made by appellant, it was: pertinent for the state to also make inquiry relative to the same matter. However, no questions were asked by appellant's counsel which called for the contents of the unsigned statement. We are inclined to the view that the attorney for the State went further than was justified by the inquiry on the part of appellant's counsel; but if it be conceded that the effect of the inquiry was to get before the jury the fact that in the unsigned statement was an admission that appellant and one Shorty went into partnership and that appellant made the whisky and Shorty sold it and that appellant was to get his part of the proceeds we are unable to reach the conclusion that it calls for a reversal. If any objection was urged to the introduction of the signed confession the record does not show it and there appears to have been no effort to have the court submit to the jury any question of its voluntary character. We observe no distinction in the legal effect of the statements in the signed confession and those sought to be elicited as contained in the unsigned statement.

Referring to the confession heretofore set out; it admits that a partnership was formed by appellant with a man named Shorty who furnished the still and that appellant agreed to let him operate it on appellant's place and agreed to aid and protect him. Appellant helped to carry the water for the mash, helped in handling the sugar and meal and was present when several runs of corn whisky were made. Appellant got his part of the money which was made from the sale of the whisky and admitted knowledge of what the sugar, meal and mash were there for; he agreed to the making of the whisky, and was present on several occasions when it was actually in process of manufacture. If the court was in error in permitting the state to go too far in the cross-examination of appellant with reference to the matter of the unsigned statement, it does not occur to us that the error was of that character which necessitates a reversal. Especially is this true in the light of all the facts and that only the minimum punishment was assessed. The principle is very similar to that announced in Parker v. State, 91 Texas Crim. Rep., 68, 238 S. W. Rep., 943, wherein it was held that if appellant upon the trial reiterated the truth of facts stated in a confession it was immaterial whether the confession was voluntarily made.

Complaint is made because the State was permitted to prove that appellant requested the officers not to arrest Brown, stating that "he (Brown) had nothing to do with it," the objection being that appellant was under arrest at the same time. We cannot distinguish this case from Bell v. State, 92 Texas Crim. Rep., 342, 243 S. W. Rep. 1095, where almost the same statement here complained of, made under similar conditions, was held admissible as res gestae. (See authorities cited in Bell's case (supra); also Broz v. State, 93 Texas Crim. Rep., 137, 245 S. W. Rep., 707; Boortz v. State, No. 7598, 95 Texas Crim. Rep., 479.

Finding no error in the record which would call for a reversal, the judgment is affirmed.

*Affirmed.*