## OSCAR STRICKLAND v. THE STATE.

No. 8327.    Delivered October 22, 1924.

**1.—Manufacturing Intoxicating Liquor—Evidence—Res Gestae.**

Officers discovered a still in active operation, with appellant in possession. At the time, appellant volunteered the statement that the still was his own, that no one else had any interest in it and that he was operating it. This declaration of appellant was admissible as res gestae, notwithstanding that he was under arrest at the time it was made, as was also the declarations of the father-in-law of the appellant, made at the same time.

**2.—Same—Witness—Wife—Cross-Examination—Harmless.**

Appellant's wife when testifying in his behalf was asked on cross-examination if she heard one of the officers tell appellant to go down into the cellar. She replied, that she did not. The bill discloses no error.

**3.—Same—Remarks of Court—Harmless.**

After the jury was selected to try this case, the remainder of the jury were dismissed, and the court thanked them for having rendered patriotic service during the week. We are unable to perceive any injurious effect in these remarks, to appellant.

Appeal from the District Court of Grayson County. Tried below before the Hon. Silas Hare, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, eighteen months in the penitentiary.

*Carlyle & West,* and *J. P. Cox,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Grayson county of manufacturing intoxicating liquor, and his punishment fixed at eighteen months in the penitentiary.

On the occasion in question officers went to the premises of appellant's father-in-law and found in a storm cellar a still in operation. There was a false wall in the storm cellar and the still was located back of this. A fire was burning under a four burner stove on which was a still the contents of which was boiling and whisky was running

out through the worm; about two gallons of whisky being in the container setting under the worm. This was corn whisky and was intoxicating. While the officers were in the storm cellar appellant came into same and said to the officers, with reference to the still, that it was his and that his father-in-law, Mr. Waters, did not have anything to do with it. He further said that it was his father-in-law's place but that he was staying there with him. One of the officers asked appellant where he got the still and he replied that he had made it; that no one had seen it except himself and his wife; that he made the whisky himself. The officers further testified that appellant's father-in-law came to the storm cellar while the still was in operation and in the presence of appellant stated that the still belonged to the latter.

Appellant's father-in-law, Mr. Waters, testified that he had nothing to do with the placing of the still in the cellar or with running same or making whisky. He also testified that this appellant had been living with him in a house near which the storm cellar was located, since about the first of January of that year. Appellant's wife testified denying that he made the statements attributed to him by the officers but made no explanation of how the still came to be in the storm cellar. Appellant's mother-in-law testified for the defense, asserting that she was present during part of the time the officers were there and did not hear any such statements as were testified to by them. She testified that her husband, Mr. Waters, had nothing to do with the running of the still, that she did not know how long the still had been in the cellar, nor who put it there. She said the cellar was about fifteen steps from the door of the house. She also asserted that she had nothing to do with running the still or bringing it there, and that her daughter, appellant's wife, had nothing to do with it. Appellant's father-in-law further testified denying the statement which the officers said he made, but attempting no explanation of how the still came to be in the cellar nor who was operating it. Appellant's brother-in-law also testified for the defense but gave no explanation of the presence of the still or by whom same was being operated. Appellant testified stating that he did not know there was a still in the cellar, and that he had nothing to do with its operation, and that he did not make the statement which the officers swore he did make in the storm cellar at the time the still was discovered. He further said that he was surprised when the officers found the still but that he did not go down in the cellar to look at it.

Appellant insists that the statements testified to by the officers as being made by himself and his father-in-law, in the storm cellar shortly after the still was discovered, were objectionable upon the ground that they were under arrest and were unwarned. In the opinion of this court the statements were res gestae and therefore admissible. Bell v. State, 94 Texas Crim. Rep. 266; Broz v. State, 93 Texas Crim. Rep. 137.

A question was asked appellant's wife while on the witness stand as to whether she heard one of the officers tell appellant to go down into the cellar. Objection was made to this upon the ground that it called for matters about which she was not examined while giving her testimony in chief. The bill discloses that witness replied that she did not hear the officer make any such statement to her husband. The bill discloses no error.

There is another bill of exceptions complaining of the fact that after the jury was selected to try this case, the remainder of the jury were dismissed and that the court thanked them for having rendered patriotic service during the week. We are unable to perceive any injurious statement to appellant, in what was said to the remainder of the jury by the learned trial judge.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant misconceives the ground on which we held admissible the statements made by him to the officers who came to the premises and found the still in operation and the manufacture of whisky in process. In his motion for rehearing he presents arguments to show that the still and the paraphernalia were not found by reason of the disclosures made by him to the officers after his arrest. That part of the confession statute which permits testimony as to statements made by one accused of crime while under arrest, if such statements are found to be true or lead to the recovery of the stolen property, etc., etc., was not in any way made the basis for our opinion, or had in mind by us in what was said in holding the statements of appellant admissible. It has always been held by this court that statements made by one accused of crime which are res gestae of the crime are admissible whether the party be under arrest or not. In this case appellant was charged with the manufacture of intoxicating liquor. The liquor in question was actually in process of manufacture in the presence of the officers and appellant at the time the statements were made by him which were introduced in evidence and here complained of. It can easily be seen that this principle of evidence is very different from the one referred to by appellant in his motion.

Believing the statements made by appellant to be admissible under the rule of res gestae and that the case was correctly disposed of in the original opinion, the motion for rehearing will be overruled.

*Overruled.*