## Church Goforth v. The State.

### No. 8539.　Delivered May 13, 1925.

**1.—Violation of Liquor Laws—Severance—Order of Trial—Fixed by Court—When.**

Where two or more parties are indicted for the same offense, under separate indictments, and have failed to agree upon the order of trial, the court has the right to fix the order of trial, and appellant cannot complain that he was first placed on trial. See Art. 727, C. C. P., Vernon's Tex. Crim. Stat., Vol. 1, page 419. Following Terrell v. State, 81 Tex. Crim., Rep. 647.

**2.—Same—Indictment—Held, Not Duplicitous.**

Where an indictment charges that defendant kept certain premises, building and place for the purpose of storing, manufacturing, selling and transporting intoxicating liquor, it was not duplicitous, but was authorized under the rule which permits a charge in the same count of the several means named in the statute which is penalized under the same penalty. Following Comer v. State, 26 Tex. Crim. App. 509 and cases collated in Gault v. State. 269 S. W. 93.

**3.—Same—Continuance—Cumulative Testimony—Properly Refused.**

Where a motion for a continuance is refused on account of the absence of several witnesses, one of whom the state admitted would testify as claimed, all others being character witnesses, cumulative of an uncontested issue, no error is shown.

**4.—Same—Evidence—Exhibiting Before Jury—No Error.**

Where the state was permitted to exhibit to the jury the containers found on premises of the appellant, and which contained whisky, no error is shown.

**5.—Same—Evidence—Declarations of Defendant—Admissible as res gestae.**

The declaration of appellant, shortly after his arrest at his home to the officers "you needn't read it (referring to the warrant). I have been an officer. I have made two failures, and I had to make this whisky to pay my rent," was clearly *res gestae*, and properly admitted against him.

**6.—Same—Declarations of Appellant's Wife—Admissible When.**

Declaration of appellant's wife, made in his presence, and in the hearing of the officers at the time of his arrest "Church, I told you that you would get in trouble. I wonder who gave it away," was admissible both as a *res gestae* declaration, when testified to by a third party and under the rule that when the husband and wife are co-conspirators, or when the evidence justifies such a conclusion by the jury, the declaration of the wife, is not privileged under Arts. 794 and 795 C. C. P. Following Cole v. State, 48 Tex. Crim. Rep., and other cases cited.

**7.—Same—Co-Conspirators—Acts and Declarations of—Admissible.**

The evidence in this case, warranted the conclusion that Frank January and Herman Goforth were co-conspirators with appellant, and proof of the acts of January and Herman Goforth while engaged in the manufacture of whisky upon the premises of appellant, was sanctioned by the rule of evidence making the acts of one co-conspirator in furtherance of the common design admissible against all co-conspirators. Following Cox v. State, 8 Tex. Crim. App. 254 and other cases cited.

Appeal from the District Court of Parker County. Tried below before the Hon. F. O. McKinsey, Judge.

Appeal from a conviction for keeping premises for the manufacture of intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Oscar H. Calvert, Carter & Queen,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for keeping premises for the manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

Appellant and his co-indictee having failed to agree upon the order of trial, the court was in his rights in ordering that the appellant's case be tried first. See Art. 727, C. C. P., Vernon's Texas Crim. Stat., Vol. 1, p. 419; Terrell v. State, 81 Texas Crim. Rep. 647.

In charging that the appellant kept or was interested in keeping certain premises, buildings 'and place for the purpose of storing, manufacturing, selling and transporting intoxicating liquors, namely, a certain farm and pasture and the residence and barn located

thereon, it is believed that the indictment was no duplicitous but that this was authorized under the rule which permits a charge in the same count of the several means named in the statute of accomplishing the same result, which is penalized under the same penalty. See Comer v. State, 26 Texas Crim. App. 509; and cases collated in Gault v. State, 269 S. W. Rep. 93. This principle finds sanction also in Todd's case, 229 S. W. Rep. 515, upon which the appellant relies.

The facts to which the absent witness Pointer would have testified were admitted by the State. They went to show the absence of the appellant from his premises upon certain days. The other witnesses in the application would have testified that the appellant's reputation as a law abiding citizen was good. This testimony was cumulative upon an uncontroverted issue. The same fact, according to the qualification of the bill, was proved by a number of witnesses and was not controverted by the State. There was no error in overruling the motion for a continuance.

The bill complaining of the exhibition to the jury of the containers found upon the premises of the appellant and which contained whiskey shows no error.

About a week before the arrest of the appellant and his co-defendants, there were observed upon his premises a number of barrels of mash and other circumstances which aroused the suspicion of the sheriff. Each night thereafter he kept the premises under observation and finally found a distillery near a branch in the field of the appellant. He saw at the still Frank January and Herman Goforth (the son of appellant), who were conducting its operation. Later, the sheriff in company with several other officers, arrested January and Herman Goforth while they were present at the still and while whiskey was being made. This still was estimated by the State's witnesses to be about 300 yards from the appellant's house. From the appellant's testimony, it was estimated from a quarter to a half a mile. There was a roadway connecting the still with the appellant's house which road bore evidence of recent use.

Appellant presented the theory of alibi and testimony to the effect that at least a part of the week during which the still was under observation he was at distant points in business; also that "off and on" he had been absent for a greater length of time. Upon the same day and a very short time after making the arrest of January and the appellant's son at the still, the officers went to the house of the appellant. According to the State's testimony, upon being informed by the sheriff that he had a search-warrant, appellant made certain declarations, from which we quoted:

"You needn't read it. I have been an officer. . . . I have made two failures and I had to make this whiskey to pay my rent."

Appellant requested that he be permitted to enter the house. This the sheriff permitted him to do and accompanied the appellant to the porch. The witness there heard the appellant's wife say:

"Church, I told you that you would get into trouble. I wonder who gave it away."

According to the appellant's testimony, his arrest took place immediately upon the arrival of the officers at his house, and he entered the premises thereafter. Appellant denied any knowledge of the location of the still or any of the equipment or materials for making whiskey found upon the premises. He also denied the declarations imputed to him by the sheriff and those imputed to his wife by State's witnesses.

The declaration of the wife to the husband made in the presence or within the hearing of a third party ordinarily is not rendered inadmissible against him by virtue of Articles 794 and 795 of the statute (C. C. P.). Proof of her declaration by a third party is not making use of her testimony against the accused. Cole v. State, 48 Texas Crim. Rep. 445; Gilmore v. State, 241 S. W. Rep. 492, and authorities there collated. See also Wharton's Crim. Evidence, Vol. 1, Sec. 398. When the husband and wife are co-conspirators or when the evidence justifies such a conclusion by the jury, the declaration of the wife is not privileged under the statutes mentioned. See Cole v. State, supra; Cook v. State, 22 Texas Crim. App. 525; Robbins v. State, 73 Texas Crim. Rep. 367; Thompson v. State, 77 Texas Crim. Rep. 417.

From the testimony it is apparent that either coincident with his arrest or immediately before or after, there were discovered by the officers upon the porch of the appellant's dwelling twenty-one half-gallon fruit jars, each full of whiskey. According to the appellant, such declarations as were made by him took place before the discovery of the whiskey, the knowledge of the presence of which he disclaimed. The State's testimony supports the conclusion that the declarations imputed to both the appellant and his wife were made at the time the officers were in the act of discovering and taking possession of the twenty-one jars of whiskey mentioned. Under circumstances nor more cogent, it was held in favor of the accused in Reed's case, 93 Texas Crim. Rep. 21, that the wife was a party to the crime of manufacturing intoxicating liquor. In the leading case of Cook v. State, 22 Texas Crim. App. 512. Judge White, (the presiding judge of this court), in writing the opinion, declared that the declarations of the wife during the progress of the difficulty, just preceding and subsequent to the shooting were verbal acts and part of the res gestæ, and that proof of them was not forbidden by statute against the spouses testifying against each other. In the opinion it is also said:

"Again, the evidence as developed in this case shows that the husband and wife acted together in the commission of the offense, and are both principals, and the rule is uniform that the declarations of one of the parties principal made at the time, during the progress and in furtherance of the common design, are admissible in evidence and binding upon the other co-conspirators. (Cox v. The State, 8 Texas Ct. App. 256; Loggins v. The State, Id. 434.).

It is believed that the declarations of Mrs. Goforth made to her husband in the presence of the officers who were at the time in the act of finding and taking custody of the whiskey which was on the premises occupied by the appellant and his wife, under the circumstances, warranted the conclusion that the premises were kept for the purpose of storing and manufacturing whiskey and that her declaration was admissible against the appellant.

The opinion is also expressed that the declaration imputed to the appellant was properly received. At the time it was made, the appellant may not have been formally arrested. The evidence upon that subject is conflicting. He claim that there had been a formal arrest, but the State's testimony is to the contrary. It is clear, however, that the officers, had a warrant which authorized his arrest; that there was evidence which justified the conclusion that he at the time was committing the offense of keeping his premises for storing whiskey, he having in his house more than ten gallons at the time. According to the State's testimony, the finding of the whiskey and the declaration were practically simultaneous. To bring the declarations within the purview of Art. 810, C. C. P., it is not necessary that there be a formal arrest. See Clark v. State, 84 Texas Crim. Rep. 390; Phillips v. State, 86 Texas Crim. Rep. 624; Campbell v. State, 89 Texas Crim. Rep. 243; Stanton v. State, 94 Texas Crim. Rep. 367. Granting that he was in custody within the meaning of the statute, we think his declaration was admissible under the rule of res gestæ. See Stanton v. State, supra. At the time it was made, he was in the act of committing the offense mentioned. His declaration was a verbal act illustrative of his relation to the whiskey that was then in his dwelling. See Boortz v. State, 95 Texas Crim. Rep. 479; Bell v. State, 92 Texas Crim. Rep. 342; Rayburn v. State, 95 Texas Crim. Rep. 555; Lovelady v. State, 95 Texas Crim. Rep. 571; Coburn v. State, 96 Texas Crim. Rep. 25; Belson v. State, 97 Texas Crim. Rep. 45.

There being sufficient evidence to warrant the conclusion that in the commission of the offense charged Frank January, Herman Goforth and the appellant were co-conspirators, proof of the acts of January and Herman Goforth while engaged in the manufacture of whiskey upon the premises of the appellant was sanctioned by the rule of evidence making the acts and declarations of one co-conspirator during the conspiracy in furtherance of the common design,

admissible against all of the conspirators.   See .Cox v. State, 8 Texas Crim. App. 254; Coomer v. State, 97 Texas Crim. Rep. 588, and authorities cited; also Branch's Ann. Texas P. C. Sec. 694.

The motion for new trial but reiterates the matters presented in the bills of exception.

An exception to the charge challenges the sufficiency of the evidence showing that the appellant had any knowledge that the manufacture of whiskey was conducted upon his premises.   Without going into details, the evidence is regarded as sufficient to connect him with the knowledge of the manufacturing operations conducted by his son and his employee upon his premises.   His farm and pasture consisted of some 430 acres of land, 150 or 200 acres of which were in cultivation in grain.   A branch ran through the cultivated field.   A draw led into the branch.·  The direct evidence and circumstances showed that the manufacturing operations had been conducted upon his place some days before the arrest.   The appellant's son, a mature man, resided upon his premises.   There was a path or roadway leading from the house to the still bearing evidence of recent use.   There was also a quantity of whiskey at the still and a number of barrels of mash which gave forth a scent which attracted the attention of the sheriff and which led to the discovery of the still.   In a barn a short distance from the dwelling-house of the appellant were some 700 pounds of sugar and other material usable in the manufacture of whiskey.   At his dwelling were more than ten gallons of whiskey, the knowledge of which was indicated by the res gestæ declarations of both the appellant and his wife.

We cannot agree with counsel for the appellant that upon these facts the jury was not warranted in concluding that the appellant was aware of the use to which his premises were put.   The manufacture of whiskey is not necessarily an offense which takes place in a day, but is in the nature of a continuous offense.   Mathis v. State, 97 Texas Crim. Rep. 222; Broz v. State, 93 Texas Crim. Rep. 137.   The temporary absence of the appellant was one of the relevant   · circumstances favorable to him but was not conclusive against the State.

The judgment is affirmed.

*Affirmed.*