### JOHNNIE F. WHITE V. THE STATE.

No. 9683.   Delivered December 23, 1925.

**1.—Possessing    Intoxicating    Liquor—Evidence—Res    Gestae—Properly Admitted.**

Where on a trial for possession of intoxicating liquor, several gallons of whiskey was found on premises occupied by appellant, who at the time stated to the officers that said whiskey belonged to him, there was no error in admitting such testimony, same being res gestae. Following Broz v. State, 93 Tex. Crim. Rep. 137; 245 S. W. 707 and other cases cited.

**2.—Same—Charge of Court—Held Error.**

Where on a trial for possession of intoxicating liquor, it was error for the court to charge the jury that it is unlawful for any person in this state to possess intoxicating liquor except for medicinal, mechanical, scientific or sacramental purposes, ignoring in his charge the necessary element of the possession being for the purpose of sale.

**3.—Same—Elements of Offense.—Statute Construed.**

The possession alone of intoxicating liquor, is not an offense under Art. 668 P. C. of 1925, Acts 2nd C. S. 38th Leg. Chap. 22. Before such possession is an offense under our law, it must be possessed for the purpose of sale, and this fact must be found by the jury to exist. The charge in the instant case authorized the conviction of appellant, regard-

less of his purpose in having the whiskey, and for this error the cause must be reversed. Following Veasy v. State, 260 S. W. 1154 and other cases cited.

Appeal from the District Court of Hunt County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for possession of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Crosby & Estes,* of Greenville, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the possession of intoxicating liquor for the purpose of sale. Punishment is confinement in the penitentiary for one year.

Complaint is made of the overruling of appellant's application for continuance. This question will likely not arise upon another trial and is not discussed as the record requires reversal upon other grounds.

Officers procured a warrant authorizing them to search the premises and residence of one Henry Jones. While on their way to execute the warrant they found Jones some little distance from his place of residence and took him with them. Appellant and his wife were living at Henry Jones' place. The officers apprised appellant that their business was to search for whiskey. He told them there was none upon the premises. One of the officers secured from appellant's wife a key to a trunk which was in the house. As this officer was unlocking the trunk the sheriff went to the smokehouse a short distance from the residence and there found six gallons of whiskey, which he brought into the residence with him. In the meantime the other officer had opened the trunk and found in it two quarts of whiskey. The sheriff asked who the whiskey belonged to. In the presence of appellant Jones said the whiskey was not his, that his wife was in the sanitarium and he had not been about home very much. Appellant then admitted the whiskey belonged to him. The sheriff remarked that he would have to take both of them, whereupon appellant said it was not necessary to take Jones as he had nothing to do with the whiskey as it belonged to him (appellant).

Complaint is urged of the reception in evidence of these statements of appellant upon the ground that he was under

arrest. They were properly admissible as res gestae. Broz v. State, 93 Tex. Cr. Rep. 137, 245 S. W. 707; Hill v. State, 95 Tex. Crim. Rep. 500, 255 S. W. 433; Bell v. State, 92 Tex. Crim. Rep. 342, 243 S. W. 1095.

In paragraph two of his charge the court told the jury it was "unlawful for any person in this state to possess intoxicating liquor except for medicinal, mechanical, scientific or sacramental purposes," and in paragraph seven, applying the law to the facts, he authorized conviction if appellant had whiskey in his possession, ignoring in both paragraphs the necessary element of the possession being for the purpose of sale. Proper exceptions were reserved to these charges and a special charge requested which instructed the jury that before they were authorized to convict they must believe appellant had possession of the whiskey, and also that he had it for the purpose of sale. This charge was refused.

In the respects mentioned the learned trial judge fell into error. The possession alone of intoxicating liquor is not an offense under Article 666 P. C. (1925 Revision) Acts 2nd C. S. 38th Legislature, Chap. 22. Before such possession is an offense under our present law it must be possessed for the purpose of sale, and this fact must be found by the jury to be true. Veasey v. State, 260 S. W. 1154; Petit v. State, 90 Tex. Crim. Rep. 336, 235 S. W. 579; Walden v. State, 272 S. W. 139; Newton v. State, 267 S. W. 272. The charge in the instant case authorized the conviction of appellant regardless of his purpose in having the whiskey.

Appellant's defense seems to have been that the whiskey in the trunk belonged to his wife who had it for medicinal purposes, and that appellant had no knowledge of the presence of that whiskey; that the six gallons found in the smokehouse belonged to Jones; that after the officers reached the house Jones requested appellant to claim the whiskey on the theory that this would relieve Jones of liability, and that because appellant was under twenty-five years of age he would escape with a suspended sentence and in this way both be protected. If this defense is made upon another trial it should under appropriate instructions be presented affirmatively.

For the error in the court's charge the judgment must be reversed and the cause remanded.

*Reversed and remanded.*