## NICK MARTINI V. THE STATE.

No. 10089.    Delivered April 7, 1926.

Rehearing denied May 19, 1926.

**1.—Possessing Equipment for Manufacture—Bill of Exception—Filed Too Late—Cannot Be Considered.**

Where bills of exception are filed after the expiration of the time granted by the trial court, they cannot be considered on appeal, and the motion of the state in this cause to strike out appellant's bills is sustained.

### ON REHEARING.

**2.—Same—Record Corrected—Bills of Exception Considered.**

On rehearing it being made to appear that appellant secured from the court an order extending the time for filing bills of exception, beyond the time first allowed, and that they were filed within the second extension, they will be considered.

**3.—Same—Evidence—Properly Received.**

Where on a trial for possessing equipment for manufacturing intoxicating liquors, appellant objected to the testimony of officers as to what they found and seized as a result of a search of appellant's premises, because a report of the search and seizure was not made in compliance with Art. 692, C. C. P., 1925, no error is presented. The point has been decided against appellant in numerous cases. See Austin v. State, 97, Texas Crim. Rep., 360, and other cases cited.

**4.—Same—Evidence—Res Gestae—Properly Admitted.**

Where officers found appellant at a still in full operation, manufacturing whiskey, the appellant, when discovered. talked to the sheriff, and requested him to just overlook it, to tear the outfit up, drop it, and say nothing about it, such declarations, though made under arrest, were res gestae and properly admitted. Following Broz v. State, 93 Texas Crim. Rep., 137, and other cases cited.

Appeal from the District Court of Archer County.    Tried below before the Hon. H. R. Wilson, Judge.

The opinion states the case.

Appeal from a conviction for possessing equipment for the manufacture of intoxicating liquor, penalty one year in the penitentiary.

*Taylor & Taylor* of Wichita Falls, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Conviction is for possessing equipment for the manufacture of intoxicating liquor, punishment is one year in the penitentiary.

Our State's Attorney moves to strike out the bills of exception because filed too late. The trial court adjourned the 28th day of November. On the 12th day of November appellant's motion for new trial was overruled, and sixty days from that date given to file the bills. The sixty days expired on the 11th day of January. No order of further extension appears in the record. The bills were not filed until the 30th day of January, which was 19 days after the time granted had expired. The State's motion must therefore be sustained.

It is unnecessary to review the facts. They are amply sufficient to support the verdict.

The judgment is affirmed.                    *Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—It is now made to appear that appellant secured from the judge an order extending the time for filing bills of exception beyond the time first allowed, and that they were filed within the period of the second extension, and should be considered.

Objection was interposed to the officer testifying with reference to what was found and seized as the result of his search because a report thereof was not made in compliance with Article 692, C. C. P. (1925). The point has been decided against appellant in Austin v. State, 97 Texas Crim. Rep., 360, 261 S. W., 1035; Kimbrough v. State, 272 S. W. 453; Burns v. State, 268 S. W., 950; Reynosa v. State, 272 S. W., 452; Skinner v. State, 274 S. W., 133.

It is shown by bills two and three, with the qualifications thereon that the sheriff and his deputy made two trips to appellant's premises. On the first one they found a still and 12 barrels of mash in his pasture. The still was not connected up. They watched from one-thirty o'clock in the afternoon until nine that night but no one came to the still. They left but returned

before daylight the next morning. The still was in the same condition, yet unconnected. The officers resumed watch. About eight o'clock appellant and one of his small boys came to the still. Appellant began cutting wood. The officers could hear the rattling of vessels at the still and see the smoke from the fire. After waiting a while the officers went from their place of concealment to the still. It was then connected up; mash was in it and fire under it. The evidence is that when they went up to the still appellant had a talk with the sheriff, wanting him to just overlook it, tear the outfit up, drop it and say nothing about it. This evidence was objected to on the ground that appellant was under arrest at the time he made the statement. The court admitted the evidence on the ground that it was res gestae. That he was correct in the ruling does not appear questionable. Broz v. State, 93 Texas Crim. Rep., 137, 245 S. W., 707; Boortz v. State, 95 Texas Crim. Rep., 479; 255 S. W., 434; Rayburn v. State, 95 Texas Crim. Rep., 555, 255 S. W., 438; Bell v. State, 92 Texas Crim. Rep. 342, 243 S. W., 1095; Foster v. State, 276 S. W., 928; Goforth v. State, 273 S. W., 845.

The only remaining bill complains that the district attorney was permitted to ask leading questions which, together with the answers, are shown in the bill by the court's order. This bill is not discussed in appellant's brief. However, we have examined it and find nothing of such serious import as calls for reversal.

Having considered appellant's case upon the merits, and finding nothing in the bills of exception leading to the conclusion that our former order affirming the judgment should be changed, the motion for rehearing will be overruled.          *Overruled.*