## W. M. Cox v. The State.

No. 11992. Delivered November 21, 1928.
Rehearing denied January 9, 1929.

The opinion states the case.

*McGaugh & Darroch* of Brownwood, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment confinement in the penitentiary for one year.

Appellant ran a hamburger stand and store. State's witnesses Cuthbertson and Pate, who had purchased some whiskey from appellant in his place of business, had just stopped outside of the house when officers approached and stopped. Cuthbertson was carrying the whiskey in a paper sack. Pate was carrying two bottles of soda water which the officers thought was "choc beer." When Cuthbertson saw the officers he turned and threw the whiskey into appellant's place of business. The officers entered the house and found a broken bottle of whiskey in the paper sack that Cuthbertson had thrown in. They also saw a pitcher on a counter which con-

tained a small amount of whiskey. They noticed a funnel behind the counter and upon making an investigation found that it smelled like whiskey. Cuthbertson and Pate testified on the trial that they bought the whiskey from appellant.

Appellant objected to the testimony of the officers touching the things they found in appellant's place of business, the ground of objection being that the officers had no search warrant. The testimony of the officers to the effect that the sack found in appellant's place of business contained a broken bottle of whiskey was admissible. Appellant's place of business was open to the general public. The officers did not enter said place of business for the purpose of making a search thereof.

The testimony of Cuthbertson and Pate to the effect that they bought the whiskey from appellant was properly admitted. Hence we have uncontradicted testimony in the record that the whiskey in question was sold by appellant to Pate and Cuthbertson. By such testimony appellant's guilt is made plain beyond question. If the testimony of the officers concerning the finding of the pitcher and funnel was inadmissible, the fact that appellant's guilt is shown beyond question by legal evidence and the further fact that he received the minimum penalty would, in our opinion, render harmless the reception of the alleged illegal testimony.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files a motion for rehearing urging error in our decision regarding the admission of testimony of officers White and Timmins in regard to what they found in the store of appellant on the occasion in question. The place entered by said officers at such time was a public store house kept by appellant, which was open to the entry of any person who might desire to enter. While it is true the only purpose actuating the officers in going into such store was that of ascertaining the contents of a paper sack which they had seen parties bring out of said store and then throw back through the door, still we are not able to agree to the proposition that it was necessary for the officers to have a search warrant to enter said public place. There is nothing in

Steverson v. State, 2 S. W. Rep. (2d) 453, which supports appellant's contention. In that case the entry was upon private premises and not a store house. The officers in the instant case made no search of appellant's premises and testified to nothing save what they observed in the store house which they entered in the usual and customary manner. We are of opinion that the motion of appellant is without merit, and same is overruled.

*Overruled.*