## Tom Wright v. The State.

No. 11888.   Delivered November 28, 1928.
Rehearing denied January 30, 1929.

The opinion states the case.

*R. H. Cocke, Black & Graves* and *Robert M. Turpin,* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor; punishment, two years in the penitentiary.

An officer driving along a road observed a man step out from under a bridge or culvert with something in his arms which excited the suspicion of the officer.   He went to said place and found appellant with two jars of whisky in his hands.   Appellant struck them together and broke them, but a third jar full of whisky was captured by the officer.   He testified that appellant tried to break the third jar and fought him while he was getting it.   These facts seem amply sufficient to support the verdict and judgment.

A number of questions are raised by bills of exception, all of which have been examined, and in our opinion none present error. The only question briefed by appellant is the alleged error of the court as set out in two bills of exception, in admitting the testimony of the officer and of his wife to the effect that a few minutes after the arrest of appellant he offered to give the officer fifty dollars if he would turn him loose. The matter was admitted in evidence upon the theory that it was res gestae. The facts seem to disclose that it was about ten minutes after the arrest by the officer that the statement was made. Appellant cites Haney v. State, 57 Texas Crim. Rep. 158; Denegner v. State, 58 Texas Crim. Rep. 624; Brown v. State, 100 Texas Crim. Rep. 487; Hankins v. State, 75 S. W. Rep. 787, and Riojas v. State, 102 Texas Crim. Rep. 258. We have examined all of these cases. In the last case mentioned we held it error to prove what was said by the defendant in an offer to bribe the officer while under arrest, but there was no claim made in that case that the statements were admitted as part of the res gestae. Authorities are too numerous to need citation to the effect that statements made while under arrest, if properly part of the res gestae, are not affected by the rule rejecting confessions while in custody. We are of opinion that the statement made by appellant comes clearly within the rule of res gestae. Mr. Underhill, in his work on Criminal Evidence, 3d. ed., Sec. 163, uses the following language:

"Thus it may be shown that he attempted to escape, or fled from justice or that he destroyed evidence or endeavored to fabricate evidence. Such facts may, with correctness, be assumed to form a part of the res gestae, though not contemporaneous with the principal transaction. If this is so, there can be no impropriety in receiving the declarations accompanying them."

The principle involved is further discussed in Powers v. State, 23 Texas Crim. App. 42, in which we said, speaking of a statement made by the defendant some time after the act to the effect that if he killed deceased, nobody saw him:

"Incidents which are thus immediately and unconsciously associated with an act, whether such incidents are doings or declarations, become in this way evidence of the character of the act."

In Miller v. State, 31 Texas Crim. Rep. 637, and in Cotton v. State, 86 Texas Crim. Rep. 391, we discussed statements made ten or fifteen minutes after the occurrence by the defendant and held them to be res gestae. The test would seem to be more the instinctive nature of the declaration relating to or growing out of or shedding

light on the transaction, rather than the length of time. It could hardly be questioned that if within ten minutes after his arrest the accused had said to the officer "I possess this liquor," or "The whisky that I destroyed was mine," or in some other way have made a substantial admission of a material fact, such would have been held res gestae. So, also, if in ten minutes after being found in possession of the whisky he had said, "I needed whisky for medicine and a man told me this whisky was here, and I came for it for medicine," this would appear to be admissible as rebutting the presumption arising from his possession of more than one quart. Douglas v. State, 54 Texas Crim. Rep. 639; Garcia v. State, 156 S. W. Rep. 942. If this be admitted, it would certainly follow that a declaration, not containing so complete an admission, but manifesting the fact that appellant was guilty and desired to make his escape, would be held res gestae.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant very frankly admits that his offer to bribe the officer was equivalent to an admission of guilt of the offense for which he had been arrested and would be admissible against him if he had not been under arrest when the incident occurred, but he very persuasively argues that from the circumstances under which the offer was made it appears lacking in that spontaneity necessary to characterize it as res gestae. We have again examined the record upon the point thus made but do not perceive the error in our former holding.

The motion for rehearing is overruled.

*Overruled.*