WILLARD HAYES v. THE STATE.

No. 13307. Delivered April 30, 1930.
Rehearing denied June 4, 1930.
Reported in 28 S. W. (2d) 556.

The opinion states the case.

*Scott, Casey & Hall* of Marshall, for appellant.

*John E. Taylor,* County Attorney and *Benjamin Woodall,* Assistant County Attorney, both of Marshall, and *A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession for the purpose of sale of a potable liquor containing in excess of one per cent of alcohol by volume; the punishment, confinement in the penitentiary for five years.

Appellant operated a store in connection with his residence. In the back part of his house was a room in which tables and chairs were provided for customers who desired to drink beer. State's witnesses were sitting at a table in this room and were engaged in buying and drinking beer when officers entered and arrested appellant. Appellant was present during the time these parties were pur-

chasing and drinking the beer. The officers had taken a position outside of the house on appellant's premises and had watched the transaction through the window. Before entering the house the officers heard a woman who was drinking beer tell appellant that she had enjoyed the beer. They heard appellant reply: "Glad you did; come again, no man in Texas can do this, but Willard Hayes can do it." The officers testified that appellant stated to them when they entered the room that he was "responsible for the whole thing." They further testified that they told appellant that they had no search warrant but that under the law they had a right to search the premises because of the fact that they had seen him sell the beer. Appellant replied: "That is all right John. I will tell you anything you want to know. Go ahead and search." A large quantity of beer was found in the store. Appellant stated to the officers that he had not manufactured the beer but had bought it in eight and ten case lots. An analysis of the liquor disclosed that it contained in excess of one per cent of alcohol by volume. Appellant did not testify in his own behalf, and offered no testimony from others controverting the facts testified to by the witnesses for the state.

Appellant timely objected to the testimony of the officers touching the result of the search on the ground that they had no search warrant. Under the facts disclosed by the record, a search warrant was not required. The qualification appended to appellant's bills of exception shows that appellant was engaged in running a store which the public generally patronized; that appellant consented to the search; and that the officers saw appellant selling beer before they entered the house, and heard appellant and his customers engage in a conversation clearly indicating that appellant was engaged in the commission of a felony.

If, without unlawful acts upon their part, the sale of intoxicating liquor by appellant to his customers came to the view of the officers, from which it was apparent that a felony was being committed in their presence, then a search without a warrant of appellant's premises was authorized. One who commits a felony in the presence or view of an officer may be arrested without a warrant, and contemporaneously with the arrest the person committing such felony may be searched, and the place where the arrest is made may also be searched in order to find and seize the things connected with the crime. Art. 212, C. C. P.; Agnello v. United States, 269 U. S. 30, 46 S. Ct. 4, 70 L. Ed. 148, 51 A. L. R. 409; Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R.

790; Marron v. United States, 48 S. Ct. 74, 72 L. Ed. —; Hodge v. State, 107 Tex. Cr. R. 579, 298 S. W. 573; Steverson v. State, 2 S. W. (2d) 453. It is appellant's contention that the officers were trespassers in entering upon his premises without a search warrant, it being their purpose to make a search for intoxicating liquor. The place entered by the officers was a public store house, which was open to any person who might desire to enter. The officers were not trespassers. Cox v. State, 111 Tex. Cr. R. 260.

It is observed that appellant expressly gave his consent to the search. He stated to the officers that he alone was responsible for the selling of the liquor, and that it was all right for the officers to search his place without a warrant. One may consent to the search of his premises and thereby waive irregularities in the search warrant, or dispense with the search warrant altogether. Hall v. State, 105 Tex. Cr. R. 365, 288 S. W. 202. In Hall v. State, supra, officers went to Hall's premises and informed him that they had a search warrant. Hall said: "You don't need any search warrant. Just go ahead and search anywhere you want to." We held that the language used by Hall was sufficient to show a waiver, and sustained the action of the trial court in admitting the testimony of the officers. The language used by appellant in the instant case is similar to that employed in Hall's case, and, in our opinion, is specific in favor of a waiver. Williams v. State, 17 S. W. (2d) 56.

While the officers were making the search, appellant stated to them that the beer belonged to him and that he had bought it in case lots. Appellant objected to the testimony of the officers relative to appellant's statement on the ground that appellant was under arrest at the time the statement was made and that the provisions of Art. 727, C. C. P. relating to confessions while under arrest had not been complied with. The court qualified the bill of exception to the effect that appellant's statement was regarded as res gestae, inasmuch as it was made not over ten minutes after his arrest and while he was going with the officers from the place of his arrest down to the house where he kept his beer bottles. It is made plain that the search had not been concluded. Appellant was charged with possessing the liquor for the purpose of sale. The statement was made almost immediately after the discovery of the beer and while appellant was on the way to an outhouse where some beer bottles were discovered. It occurs to us the statement was so closely connected with the possession of the liquor as to have been spontaneous. It was res gestae of appellant's possession, and there-

fore admissible, although appellant was under arrest. Weatherly v. State, 5 S. W. (2d) 986; Rayburn v. State, 95 Tex. Cr. R. 555, 255 S. W. 436; Bell v. State, 92 Tex. Cr. R. 342, 243 S. W. 1095; Coburn v. State, 96 Tex. Cr. R. 25, 255 S. W. 613; Strickland v. State, 98 Tex. Cr. R. 636, 267 S. W. 488; Boortz v. State, 95 Tex. Cr. R. 479, 255 S. W. 434; Givens v. State, 98 Tex. Cr. R. 651, 267 S. W. 725; White v. State, 102 Tex. Cr. R. 456, 278 S. W. 203; Martini v. State, 104 Tex. Cr. R. 238, 283 S. W. 505; Goforth v. State, 100 Tex. Cr. R. 442, 273 S. W. 845.

We are unable to agree with appellant that the punishment assessed is excessive. We deem it unnecessary to discuss the question.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant again urges that the testimony of the officers as to what they saw and found upon a visit to his premises, was inadmissible. The case of Cox v. State, 111 Texas Crim. Rep. 260, cited in our original opinion, is reviewed in the motion. We have carefully considered the contention; but are of opinion that the doctrine laid down in the Cox case was correct, that it has application in the instant case, and that the testimony of the officers was properly received.

We find in the record an unusually well prepared and able brief filed by State's counsel, the county attorney of Harrison county, who tried the case, which brief is referred to and the authorities cited in an answer to the appellant's motion herein.

The motion quotes from our opinion in which we said: "It is observed that appellant expressly gave his consent to the search," and it is insisted that before this express consent was given officer Gilstrap had made a search and found certain liquor. Re-examining the testimony of said officer we observe that he testified that he had told the jury what he saw through the window, and that he went in for the purpose of arresting appellant and others, that Mr. Henderson was in there for the same purpose, and that Henderson engaged appellant in conversation. The witness testified that while

Henderson and Hayes were having said conversation, witness walked up to the counter; that Henderson said something about seeing appellant sell beer, but that he did not have a search warrant. At this juncture witness said appellant remarked: "Gentlemen, you don't have to have a search warrant to search my house." Witness then went over and found a quantity of empty beer bottles in the kitchen next to the wall; and a couple of empty barrels in the kitchen. He testified "I then walked up to the counter and looked in the ice box and frigidaire plumb to the other end and found a quantity of beer in the upper end of the refrigerator." It appears from this that the appellant consented to the search before Mr. Gilstrap found the beer.

We have again reviewed the record in the light of appellant's insistence that we should not have held admissible what the officers saw through the window. The State witnesses testified that appellant had a store in which he sold cold drinks along with other things, and had a room fixed up in the back of his store for his customers and others, and that on the occasion in question a number of people went into this room, ordered, bought and paid for beer, and that they engaged in drinking same. The officers testified that they looked through the window and saw these parties drinking and paying for beer. We are not able to agree with the contention made that this testimony was not receivable. We think the contrary is the law.

It is insisted that the giving to this appellant five years under the facts of this case was a cruel and unusual punishment. It is true that five years is the maximum punishment, but the testimony in this case shows a man engaged in a public business, and selling liquor to women and young men and making boasts to them that he could do what other men could not do, and apparently having his place fixed up for the purpose of selling intoxicating liquor in violation of law. We do not feel at liberty to conclude the verdict affected by passion or prejudice, or that it is excessive.

The motion for rehearing is overruled.

*Overruled.*