## Mathew King v. The State.

No. 13013.  Delivered February 26, 1930.
Reported in 25 S. W. (2d) 619.

The opinion states the case.

*Dickson & Dickson* of Seymour, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, Judge.—The offense is transporting intoxicating liquor; the punishment confinement in the penitentiary for four years.

Officers followed appellant at night to a pasture containing approximately two hundred acres.  Appellant drove into the pasture, leaving the gate open.  He proceeded to a vacant house about a half a mile from the gate, and he stopped his car.  The officers placed the gate in a half-closed position and awaited appellant's return.  Appellant remained at the house a few minutes, and then proceeded in his car toward the gate.  Finding the gate half-closed, appellant got out of his car for the purpose of opening it.  The officers turned a flashlight on him, and, according to their testimony, they saw whiskey in the car in the lap of a young girl who was accompanying appellant.  They placed appellant under arrest and took possession of three half-gallon fruit jars of whiskey which appellant was transporting in the automobile.  There were two girls in the car with appellant.  The officers testified that they had been advised

that appellant had whiskey in the vacant house. They further testified that appellant told them when they made the arrest that he did not blame them as they were "playing one side of the game and he the other."

It was appellant's defense that he was transporting whiskey for medicinal purposes. The father of the girls who accompanied appellant testified that appellant had agreed to obtain some whiskey for him to be used as a remedy for rheumatism. He said that his daughter was afflicted with rheumatism and that whiskey had been prescribed as a remedy for her ailment. The mother of the girls gave testimony to the same effect. Appellant did not testify in his own behalf. His witness, Agnes Rushing, testified, in response to questions by appellant, that the whiskey was in the car at the time the officers made the search. Her testimony was to the further effect that her sister was ill on the occasion in question, and that she and her sister had gone with appellant to get some whiskey for use as medicine by her sister.

The court embodied in his charge appellant's affirmative defense. The issues were resolved against appellant and we are unable to say that the evidence is insufficient to support the conviction.

Notice of appeal was given on May 30, 1929. Eighty days were allowed in which to file bills of exception and statement of facts. No order extending the time appears in the record. The bills of exception were filed on August 22, 1929. The eighty day period allowed by the court expired on August 18, 1929. The bills having been filed too late, we are compelled to sustain the motion of the state that they be not considered. Martini v. State, 283 S. W. 505.

If we should consider the bills of exception, it is observed that in the main they are concerned with objection to the testimony of the officers touching the result of the search. Whether the search was unauthorized appears to be immaterial. Appellant's witness, Agnes Rushing, in response to questions by appellant, testified that the whiskey discovered by the officers was in the automobile and that appellant was transporting it. Thus appellant placed before the jury the same criminative facts testified to by the officers. Pence v. State, 9 S. W. (2d) 348, and authorities cited.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.