## H. L. Mays v. The State.

### No. 3125. Decided May 30, 1906.

**1.—Murder in the First Degree—Special Venire Law—Statutes Construed—Talesman.**

The Act of 1905 with reference to special venires (Acts 29th Legislature, page 17), amendatory of article 3159a of the Revised Statutes and of article 647a of the Code of Criminal Procedure, does not affect article 649, Code Criminal Procedure, relating to the selection and summoning of talesmen, and does not change the method under the old law of summoning talesmen, and the court is authorized under said article 649 to order the sheriff to summon talesmen when

from any cause there is a failure in a capital case to select a jury from those who have been summoned upon a special venire. The purpose of the new law was simply to equalize as near as practicable the jury service amonog those amenable to the same, and the repealing clause in said amended law did not repeal the old law relating to talesmen, which latter remains unchanged. Qualifying Gabler v. State; Moore v. State, recently decided.

**2.—Same—Case Stated.**

Upon a trial for murder, after the original special venire was exhausted, the court ordered the sheriff to summon talesmen; that is to select them himself. The first list of talesmen ordered was eighty, and after this was exhausted, a second list was ordered of one hundred; from these lists the jury was completed; and only three of the jurors empaneled were from the original special venire. Held there was no error.

**3.—Same—Writ for Special Venire—Return of Sheriff.**

Upon trial for murder, there was no error in not quashing the writ of venire because the return of the sheriff showed his excuse of the jurors not served.

**4.—Same—Arraignment of Defendant.**

Upon trial for murder where the defendant was not arraigned at the beginning of the trial, but was arraigned while the jury were being empaneled, there was no error.

**5.—Same—Empanelment of Jury—Bill of Exceptions—Postponement.**

On trial for murder where the bill of exceptions did not show that appellant requested a postponement of the case on account of the absence of any particular juror to enable said juror to be procured, and the record showed that the court ordered attachment to issue for such jurors who failed to appear, there was no error.

**6.—Same—Jury and Jury Law—Householder—Bill of Exceptions.**

Upon trial for murder, where upon appeal, appellant's bill of exceptions did not show that he exhausted his peremptory challenges and that an objectionable juror was forced upon him, there was no error. The mere statement that the juror was objectionable is not sufficient; although the challenged juror may not have been a householder.

**7.—Same—Argument of Counsel—Harmless Error.**

Upon trial for murder where the State's counsel in his argument suggested to the jury to go with him to the graveyard to see a new made grave, etc., which was in response to an appeal by defendant counsel to consider his relatives, and which although not authorized was not reversible error.

**8.—Same—Charge of Court—Manslaughter—Insanity.**

On trial for murder where the charge of the court on insanity was full, and the evidence did not raise the issue of manslaughter, there was no error in refusing requested charges on these issues.

Appeal from the District Court of Bexar. Tried below before the Hon. Edward Dwyer.

Appeal from a conviction of murder in the first degree; penalty, death.

The testimony showed that the defendant, a negro, was working about the yard of the Southern Pacific Ry. Co., and deceased, a white boy, about 18 or 20 years old was also an employee about the yards; that a day or two before the homicide the white boy called defendant "Irish"; that defendant seemed to be offended at this and told deceased not to call him that, that his name was Mays; that that evening or the next day deceased called defendant "Irish" again; that defendant again warned him not to call him "Irish" and that his

name was Mays, and if he called him that again, the third time was the charm, or something to that effect; that subsequently on the same day, or the next day, as defendant was passing where deceased was, the latter remarked to those with him, so defendant could hear him, "There goes Irish," or "What is the matter with Irish"; that thereupon defendant drew a pistol and shot deceased through the window—deceased at the time being in an office; that defendant shot a second time, and these shots caused the death of deceased. The plea of defendant was insanity.

*P. M. West* and *C. A. Davies,* for appellant.—On the question of special venire and talesmen: Massey v. State, 29 Texas Crim. App., 161; Tittle v. State, 35 Texas Crim. Rep., 96; Spillman v. State, 38 id., 607. On question of householder: McArthur v. State, 57 S. W. Rep., 847; Lane v. State, 29 Texas Crim. App., 310. On question of manslaughter: Boyd v. State, 28 Texas Crim. App., 137.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—This case was reversed at a previous day of the term, and now comes before us on the State's motion for rehearing. In connection with the brief of the Assistant Attorney-General, there is also filed a very able brief by Messrs. McGrady & McMahon of the Bonham bar. By the motion and briefs the original opinion construing the special venire law passed by the 29th Legislature (Gen. Laws, p. 17) is questioned; and we are asked to reconsider the holding of the court on that subject. In the original opinion we held that after the original special venire drawn and summoned in the case was exhausted, in summoning talesmen, the court was required to resort to the special venire list drawn by the jury commissioners at the preceding term of the court, and draw them from this and make a list of them; and that the sheriff should summon these as talesmen in order to complete the jury, and that the sheriff was not authorized to summon talesmen indiscriminately of his own selection as under the former law.

A careful review of the amendment constrains us to hold we were wrong in our interpretation and construction of said amended law. It will be noted that the act of the Legislature is an amendment in one act of the Revised Civil Statutes and is also an amendment of article 647a of the Code of Criminal Procedure. The amended or added articles all relate to special venires. We held that one of the objects and purposes of the amendment was to take from the sheriff the selection of special veniremen, we were in error as to that matter, as a closer scrutiny of the act in question indicates, that the purpose of the new law was to equalize, as near as practicable the jury service among those amenable to the same; and to prevent imposing on any one juror the burden of service in more than two special venires at any one term of the court.

Of course, the amended statutes have the right of way, and by the very terms of the act (section 4), repeal all laws and parts of laws in conflict with the provisions of the amendment. It was not meant, however, to repeal other laws not in conflict therewith, and before we would be authorized to indulge a repeal by implication, the evidence of legislative intent to make the repeal must be clear and manifest.

Now, bearing in mind the object and purpose of the Legislature in making the amendment as above stated, we find that article 3159a gives to the jury commissioners simply a new authority to that possessed by them under the old law; and this authority is stated, "to select one man for every 100 in population in any county, or a greater or less number, if so directed by the court, and these shall constitute a special venire list," and in addition they are authorized to be drawn after the petit jurors for the term have all been drawn one time on venires, provided that no citizen shall be compelled to serve more than twice on special venires during one term of the court, or if such juror has served one week during the term on petit juries, he cannot be compelled to serve on more than one special venire. There is nothing here, nor in any part of the amended act, suggesting a change as to the manner of procuring the original special venire, as was held in the original opinion. But, as is manifest, the purpose of the act being to equalize jury service among the citizens amenable thereto, in order to increase the number of special veniremen; that is, those who shall constitute special venires in the first instance, after the jurors for the week have been exhausted in obtaining special venires in capital cases to be tried during the term; this amended article provides a further list of names from which special venires are to be drawn after the jurors for the term have been drawn once on any special venire. By reference to article 647a, which is intended to take its place in the Code of Criminal Procedure immediately succeeding article 647, it is provided, that in drawing special venires: "Whenever the names of the persons selected by the jury commissioners to do jury service for the term shall have been drawn one time, to answer summons to venire facias, then the names of persons selected by the said commissioners and which form the special venire list, shall be placed upon tickets, put in the box and drawn as is provided for drawing special venires, etc.," and it makes it the duty of the clerk to prevent the name of any person from appearing more than twice on all special venires. Of course, this being on the same subject is construed in "pari materia with what had gone before, and evidently refers, not to talesmen, but to additional special venires. This article nowhere mentions talesmen, and only authorizes the special venire list drawn by the commissioners in accordance with the amended civil statutes to be resorted to after the jurors for the term have been exhausted by drawing each of said jurors once upon any special venire list. Nothing is said about talesmen and no provision of either of the amended articles relates to the selection and summoning of talesmen. Nor is there any conflict between

the provisions of said amended articles, and article 649, Code Criminal Procedure, which relates to the selection and summoning of talesmen. Said article 649 is as follows: "When from any cause there is a failure to select a jury from those who have been summoned upon a special venire, the court shall order the sheriff to summon any number of persons that it may deem advisable for the formation of the jury." There being no inconsistency between the amendment to the old law relating to talesmen, of course both stand, and the manner of selecting talesmen remains unchanged.

It appears from appellant's bill of exceptions number 2 that, after the original special venire list was exhausted, the court ordered the sheriff to summon eighty men, selecting the same as he was authorized under article 649. Bill No. 3 shows that this list of eighty men was exhausted and the jury was left incomplete, when the judge ordered the sheriff to summon one hundred additional talesmen out of which to complete the jury, to be selected by him as heretofore stated. It further appears from the bills that the oath was administered to the sheriff and his deputies by the court at the time the talesmen were ordered. Said oath is provided for in article 3184, Revised Civil Statutes. Appellant's exception, as shown in the original opinion, challenged this method of selecting talesmen. We now hold, in accordance with the views hereinbefore expressed, that the method adopted was correct, and in accordance with law.

We note that appellant made a motion to quash the original special venire because of alleged defective return of the sheriff. We have examined the same, and in our opinion the return was sufficient, and there was no error in the action of the court. Only seventy-eight out of the list of one hundred ordered to be summoned were served, and we think as to those not served the excuses shown by the sheriff for failing to serve them, were sufficient; at least it did not authorize a quashal of the writ.

Appellant excepted to the time and manner of his arraignment. The bill shows that appellant from some cause was not arraigned at the beginning of the trial, but while it was in progress and while the jury was being empaneled, the attention of the court was called to the matter, and he was then arraigned. We think this was sufficient.

Appellant excepted to the action of the court forcing him to proceed, in the absence of certain jurors who had been summoned. The court shows that in each instance when a juror who had been summoned failed to answer, that the court ordered the clerk to issue an attachment for him to appear instanter, which was done; and it is not shown in the bill that appellant craved a postponement of the case on account of the absence of any particular juror to enable said juror to be procured. Before he would be in condition to complain he should have asked that the case be postponed a reasonable time to enable the absent juror to be procured.

We think the juror Fritz Strubner was a householder. He owned and controlled a room.

Appellant excepted to certain remarks of the district attorney in his closing argument, in which he suggested to the jury to go with him to the grave-yard, see a new made grave, etc.; the gray-headed father and broken-hearted mother shedding tears over the grave of their only son slain by this defendant. Appellant asked a special charge eliminating this matter from the consideration of the jury. The court, in explanation, says that it was in response to an appeal by defendant's counsel to consider his relatives. It does not occur that such an appeal on the part of defendant would authorize the remarks made by the district attorney. However, this is not reversible error.

The charge of the court on murder in the first and second degrees, as stated in the original opinion, is not subject to the exceptions urged by appellant. A special charge given at the instance of appellant supplemented the charge on murder in the second degree given by the court, and that, in connection with the original charge, fully safeguarded appellant's rights. There was no charge on manslaughter, nor do the facts presented in this record require such a charge. The charge on insanity was full. The requested charges of appellant on manslaughter and insanity were not required, the court having given a sufficient charge on manslaughter.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*

Brooks, Judge, absent.

### ON REHEARING.

#### May. 26, 1906.

HENDERSON, Judge.—Appellant has filed a motion for rehearing. Among other things he urgently insists that if we adhere to the holding in the McArthur case, 57 S. W. Rep., 847, which followed Lane's case, 29 Texas Crim. App., 310, this case must be reversed, because the court overruled appellant's challenge to the juror Fritz Strubner, whom appellant claims, was in accordance with the decisions, not a householder. It does appear in said cases that said juror would not be regarded as a householder, though there is some difference between the facts connected with the juror's qualification in this case and those cases. However, if it be conceded that said cases are correct, and that this juror comes within the rule there laid down, and not under the doctrine of Robles v. State, 5 Texas Crim. App., 346, still appellant's bill is not in a condition to raise this question. It does not show that appellant exhausted his peremptory challenges and an objectionable juror was forced on him. The bill says in that respect, as follows: "that the defendant was forced to exercise a peremptory challenge as to said juror, and thereby force upon him a further objectionable juror, to wit: H. L. Scott." This does not show that

appellant exhausted his peremptory challenges, nor does it show, in accordance with the decisions of this court, that H. L. Scott was in any wise objectionable; that is, that he was not a fair and impartial juror. The mere statement that H. L. Scott was objectionable is not sufficient. We hold that no error was shown by appellant's bill of exceptions with reference to the action of the court as to this matter.

We have reviewed sufficiently the other questions raised in the motion, and do not deem it necessary to discuss them further. We adhere to the views expressed in the original opinion. The motion for rehearing is overruled.

*Overruled.*

Brooks, Judge, absent.