### ETHEL TOMLIN v. THE STATE.

No. 11218. Delivered January 11, 1928.

**Possessing Intoxicating Liquor—Jury Summoned by Sheriff After Regular Panel Discharged—Error.**

Appellant having been tried before the regular jury panel, resulting in a mistrial, and the court having discharged the regular panel, it was error to force appellant again to trial at the same term before a jury summoned by the sheriff. The arbitrary disregard of the provisions of Art. 631 of the C. C. P. deprived appellant of a substantial right, and constituted error. See Bruce v. State, 173 S. W. 304.

Appeal from the District Court of Shackelford County. Tried below before the Hon. M. S. Long, Judge.

Appeal from a conviction for the possession of intoxicating liquor, for the purpose of sale, penalty four years in the penitentiary.

The opinion states the case.

*F. L. Kuykendall* of Albany and *J. Lee Clorley* of Cisco, for appellant. On right of trial by regular panel, appellant cites:

Taylor v. State, 164 S. W. 844; Mansell v. State, 182 S. W. 1137; Moody v. State, 187 S. W. 758; Covington v. State, 201 S. W. 179; Baxter v. State, 150 S. W. 913; Mickle v. State, 213 S. W. 665; Sherman v. State, 274 S. W. 576; Long v. State, 277 S. W. 139; Russell v. State, 285 S. W. 1093, and White v. State, 292 S. W. 884.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the pententiary for four years.

Appellant complains of the action of the trial court in forcing her to trial before a jury summoned by the sheriff. It appears from bill of exception No. 6 that appellant was first tried before a jury selected from the regular jury panel for the second week of the term, and that a mistrial resulted; that at the time of the former trial there were only twenty regular jurors present and that from such number and six talesmen a jury was chosen; that after the trial the court discharged the entire panel for the week for the reason that a part of the panel had served as jurors on the first trial of appellant. When, during the same week, the case was called for a second trial, appellant made a written request for a postponement until the third week of the term in order that she might have the benefit of the regularly drawn jury for that week. The trial court overruled the motion to postpone and required appellant to proceed to trial before a jury selected by the sheriff. While Article 640 C. C. P. provides that "when, from any cause, there are no regular jurors for the week from whom to select a jury, the court shall order the sheriff to summon forthwith such a number of qualified persons as it may deem sufficient," it is not our understanding that the court has authority to arbitrarily discharge the panel regularly drawn for the week, and require the accused to go to trial before a jury selected by the sheriff. Among those thus excused by the court were several jurors of the regular panel who had not sat on the former trial of appellant. Under Art. 631 C. C. P., the proper procedure would have been to complete the panel after its number had been reduced by challenges to less than twelve. The arbitrary disregard of the provisions of this statute deprived appellant of a substantial right and constituted error. See Bruce v. State, 173 S. W. 304.

For the error discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.