## Tom Hodge v. The State.

No. 12348.   Delivered February 27, 1929.
Rehearing denied June 12, 1929.

The opinion states the case.

*Ayres & Payne* of Floydada, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, Judge.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year and six months.

The court excused a number of jurors composing the regular jury panel for the week.   Thereby the panel was reduced to 16 qualified jurors.   Appellant objected to the court excusing said jurors claiming that the excuses they offered were not legally sufficient to justify

the action of the court. The panel was completed by summoning talesmen. We deem it unnecessary to set forth the excuses offered by the jurors. The bills of exception fail to show that appellant exhausted his peremptory challenges and that he was required to take objectionable jurors. As far as the bills reflect the matter, it is not shown that any of the talesmen summoned by the sheriff served on the jury. Hence if the court was in error in excusing the jurors—and this is not conceded—appellant having failed to show that he was injured, is not entitled to a reversal, as it does not appear that any mandatory provision of our statutes relating to the jury law have been infringed.

Appellant and his witnesses testified that one gallon of the liquor found in his possession was for his own personal use, and that appellant had acted as the agent of Jim McPeak and John Luttrell in buying two gallons of the liquor. Appellant requested the court to instruct the jury that if they had a reasonable doubt as to whether he was representing the buyers and himself in the purchase of the liquor they would acquit him. The court refused to give this instruction, but in the main charge instructed the jury in substance in paragraph 8 that if they had a reasonable doubt as to whether one gallon of the liquor had been purchased by appellant for Jim McPeak as an accommodation to said McPeak they would not consider the possession of said gallon of whiskey for any purpose in determining the guilt or innocence of appellant. A similar charge was given as to the whiskey claimed by appellant to have been purchased for John Luttrell. In paragraph 7 of the charge the jury were instructed that if they had a reasonable doubt as to whether appellant possessed the liquor at the time and place alleged in the indictment for his own personal use and not for the purpose of sale they would acquit him. We are of the opinion that the giving of the instructions contained in paragraphs 7, 8 and 9 amply protected appellant's rights and affirmatively submitted to the jury his defense, that is, that he possessed one gallon of the liquor for his own personal use; that he had acted as the accommodation agent of Jim McPeak in purchasing another gallon of the liquor; and that he had acted as accommodation agent of John Luttrell in purchasing the third gallon.

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant renews his criticism of the charge as shifting the burden of proof on a defensive issue. We have carefully re-examined the charge and have been unable to discover in it any vice. Officers found in appellant's house approximately three gallons of whiskey. He claimed that he had purchased three gallons, one for his own individual use, and one gallon each for McPeak and Luttrell, as their accommodation agent only. In presenting the appellant's side of the case the jury were told that:

" * * * under the laws of this State the defendant could possess any amount of intoxicating liquors unless it is possessed for the purpose of sale; and, you are instructed by the court that if you believe from the evidence in this case, that the defendant possessed intoxicating liquors at the time and place alleged in the indictment for his own personal use and not for the purpose of sale, or if you have a reasonable doubt thereof, you will acquit the defendant and return a verdict of not guilty herein."

Immediately following the quoted instruction the jury were told in substance if they believed, or entertained a reasonable doubt, that acting as accommodation agent for McPeak and Luttrell appellant had purchased for them one gallon of whiskey each then the jury would not consider the possession of the whiskey so purchased for McPeak and Luttrell against appellant for any purpose. It occurs to us that these instructions did not shift the burden of proof and fully protected appellant in his legal rights.

Appellant asked the court to give a special charge which in substance would have told the jury if appellant bought the whiskey found in his possession for himself and for McPeak and Luttrell as their agent to acquit him. This charge was properly refused. It correctly presented the law as to that part of the whiskey claimed to have been purchased for McPeak and Luttrell but directed acquittal regardless of whether the gallon purchased for himself was in his possession for sale or for his own personal use.

A review of the questions upon appellant's motion for rehearing leaves us still of the opinion that the case was properly disposed of originally.

Appellant's motion for rehearing is overruled.

*Overruled.*