GUADALUPE RAMOS v. THE STATE.

No. 14930. Delivered February 17, 1932.
Rehearing Denied April 20, 1932.

The opinion states the case.

*Robert R. Mullen, Jr.,* of Alice, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for rape; punishment, life imprisonment in the penitentiary.

From the state's standpoint appellant and another stopped a 14 year old girl on her way home from school; appellant, at the point of a pistol, compelled her to submit to an assault in which he had carnal knowledge of her. Appellant's defense was that of an alibi, he introducing several witness who located him, on the day of the alleged assault, at another and different place. This defense was fully and adequately submitted to the jury by the trial court. The girl in question made out a case of rape

by force, but the indictment contained two counts, charging in one rape by force, and in the other statutory rape, and the honorable trial court submitted the offense of statutory rape.

We find in the record fourteen bills of exception. There is no ground for complaint of the refusal of the trial court to submit the case upon the law of circumstantial evidence, the testimony of the state being positive that carnal knowledge was had.

While it would not have been inappropriate for the court to tell the jury not to consider the first count in the indictment, there is nothing in the record suggesting that any improper use was made of said count by the jury, and the failure of the court to so instruct seems not to have resulted in harm.

The refusal of appellant's special charge, complaint of which appears in bill of exception No. 3, was not erroneous in as much as every element in same was covered by the main charge. The refusal of a special charge, complaint of which appears in bill of exception No. 4, could have no application in a case of rape by consent of a girl under the statutory age. We do not agree with appellant's counsel that the testimony shows the girl to have been over 15 years of age. She testified positively that she was 14, as did her relatives, and the fact that in her cross-examination she made statements about the length of time she had lived at different places, in view of her qualifying testimony in this regard, furnishes no basis for the claim that she was over 15.

Appellant moved for a new trial upon the ground of misconduct of the jury, and upon the presentation of the motion for new trial evidence was heard. We have carefully examined this evidence and find it in no support of appellant's contention in this regard.

This court is unable to agree to the proposition that the punishment inflicted by the jury was excessive, unreasonable or unusual. The girl in question testified to an assault by this appellant, during the accomplishment of which another Mexican was waiting in a car, and that after appellant had ravished her, he then told her that it was the other man's turn now, but that she escaped through the brush before the other man came.

The testimony of the jurors heard in support of appellant's contention of misconduct, did not support a claim that there was a discussion of the failure of the appellant to testify in the case; nor was any such separation of the jury shown as amounted to a violation of the statutory command that the jury be kept together during the trial. It was shown that there was a bath room in the court house, and that during the trial, which lasted some days, and occurred while it was very hot weather, some of the jurors were permitted to take a bath, and that no officer accompanied them into the bath room. Also that some of the jurors slept in the court room while other jurors slept in the jury room. These jurors

all testified that there was no communication between them and any other person during such claimed separation. We have substantially covered all of the complaints appearing in the able brief of appellant, and in the record.

Finding no error, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion appellant questions the correctness of the holding in our original opinion that the evidence of the jurors heard in support of the motion for new trial did not establish a claim that the jurors discussed the failure of appellant to testify. Appellant and Juan Ramos were jointly indicted, and jointly tried. The court instructed the jury to return a verdict of not guilty as to Juan, which they did. It is appellant's contention that the jury not only discussed his failure to testify, but also discussed the fact that Juan did not testify, which appellant claims was harmful to him because, being jointly indicted, appellant could not call Juan as a witness.

We have again examined the testimony of the jurors on the two points suggested. One of the jurors testified that he believed some of the jurors said it would have done no good if appellant had gone on the witness stand, but further says he could not swear to that because they had been talking about Juan not having testified. Other jurors were positive in their testimony that no reference was made to appellant's failure to testify, but practically all admitted there was some discussion about Juan not having testified. It is extremely doubtful if the testimony raised an issue upon the claim that the jury discussed appellant's failure to testify. The most that can be said about it is that if the issue was raised there was a conflict in the evidence regarding the matter, most of the jurors having testified positively that there was no allusion to or discussion of the fact that appellant did not testify. If a question of fact was thus raised it was the province of the court to determine it, and having found in favor of the state upon the point, we would not disturb such finding, there being a total failure to show that the court abused his discretion in the matter. Douglas v. State, 58 Texas Crim. Rep., 122, 124 S. W., 933, 137 Am. St. Rep., 930; Barber v. State, 64 Texas Crim. Rep., 96, 142 S. W., 577; Watson v. State, 82 Texas Crim. Rep., 305, 199 S. W., 1113; Manley v. State, 92 Texas Crim. Rep., 537, 244 S. W., 533.

We are not in accord with appellant's contention that the discussion by the jurors of the fact that Juan Ramos did not testify is available to appellant. The statute, article 710, C. C. P., contains an inhibition against taking the failure of accused to testify as a circumstance against him, and there seems to have been no violation of this statute as it applies to appellant himself. Nothing is shown in the evidence of the jurors

which would indicate they were taking as a circumstance against appellant the fact that Juan Ramos did not testify. It appears they were discussing that, in connection with the charge of the court directing them to return a verdict of not guilty against Juan. It is true that being jointly indicted appellant could not call Juan as a witness, but if the testimony of Juan had been desired the statute points out the manner in which it might have been secured. An application for severance, and putting Juan upon trial first would have accomplished it. Furthermore, after Juan had been acquitted appellant might have asked for a new trial in order to have the testimony of Juan if it could have been shown that his evidence would have been material to appellant. No such efforts were made in the present case.

In his motion appellant urges that we reached a wrong conclusion regarding the separation of the jury. Only five jurors were examined upon the hearing of the motion for new trial and we have examined the testimony carefully again. Mr. Riedel, one of the jurors, testified that when he went down in the basement to take a bath "a fellow from Premont by the name of Walter was down there." It is urged by appellant that this shows someone not connected with the jury came in contact with those who were in the basement. We are of opinion the evidence shows to the contrary. This same juror says, "When I was down there taking those baths I did not see anybody down there except the sheriff and jurors. I did not talk to any outside person at all." This seems to show that the "Walter" referred to was one of the jurors. The testimony of the jurors when considered in its entirety seems to affirmatively show that no stranger or outsider was in the court house during the time some of the jurors were taking a bath in the basement, nor during the time some of the jurors were sleeping in the court room, and others in the jury room. If the evidence had shown that some of the jurors had come in contact and talked with an outsider, a serious question might have been presented on the claim that the state had failed to discharge the burden of showing that such improper contact did not result in injury to appellant. There is an entire failure here to show that any of the jurors came in contact with strangers to the case. Watson v. State, 82 Texas Crim. Rep., 305, 199 S. W., 1113, and authorities therein cited. Under the facts in the present record we adhere to the conclusion originally announced.

Appellant's motion for rehearing is overruled.

*Overruled.*