Charles ROGERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 27819.

Court of Criminal Appeals of Texas.

Jan. 18, 1956.

On Motion for Rehearing April 4, 1956.

Sam L. Harrison, San Antonio, for appellant.

John F. May, Dist. Atty., Karnes City, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

The offense is the unlawful fondling of the breast of a female under the age of fourteen years; the punishment, 5 years.

Our original opinion is withdrawn.

No statement of facts accompanies the record.

Bill of exception No. 1 as qualified by the court reflects that 46 jurors answered present and qualified for service when the appellant's case was called for trial on April 22, 1955. Of this number 8 were women. The court announced that "on account of the fact that the Legislature had not enacted any law at the time authorizing the separation of women and men jurors" that it would be necessary to excuse the women for the trial of the case. The bill further recites that appellant objected to such action on the part of the court.

This trial was held in Wilson County where the jurors are selected by a jury commission, and such trial was held long after the effective date of the Constitutional Amendment, art. 16, § 19, Vernon's Ann. St. making women eligible for jury service.

The reasons assigned by the court cannot be upheld. We judicially know that women were serving as jurors in most counties of the State at the time the appellant was tried.

The judgment is reversed and the cause remanded.

## On State's Motion for Rehearing

MORRISON, Presiding Judge.

While we remain convinced that the trial court erred in discharging eight members of the jury panel, we were in error in ordering a reversal of the conviction. The record shows that appellant was not injured by the action of the court in excusing the women jurors. The bill of exception as qualified certifies that appellant made no objection to the members left on the list, did not exhaust his peremptory challenges, and was not forced to accept an objectionable juror; and the jury was obtained from those remaining on the list or venire.

■ Where neither the Constitution nor the statutes are violated, the removal of one or more jurors from the panel, though without reason or for an insufficient reason, will not call for reversal in the absence of a showing of injury. Hodge v. State, 112 Tex.Cr.R. 618, 18 S.W.2d 167; Smith v. State, 123 Tex.Cr.R. 47, 57 S.W. 2d 132. See also Ellis v. State, 69 Tex.Cr. R. 468, 154 S.W. 1010, 1011; Duke v. State, 61 Tex.Cr.R. 441, 134 S.W. 705; Mays v. State, 50 Tex.Cr.R. 165, 96 S.W. 329; Matthews v. State, 156 Tex.Cr.R. 275, 239 S.W.2d 817; 26 Tex.Jur. p. 622, sec. 57.

It will be noted that the instant trial was held in April, 1955. The Constitutional Amendment making women eligible for jury service became effective November 19, 1954. Torres v. State, Tex.Cr.App., 278 S.W.2d 853. It was not until June, 1955, that this Court held in Dukes v. State, Tex.Cr.App., 282 S.W.2d 235, that in the absence of a showing of probable injury a mixed jury might separate for the night so long as the male and female groups were each in the charge of a bailiff.

In Jackson v. State, Tex.Cr.App., 278 S.W.2d 310, we held that in jury wheel counties the Constitutional Amendment could not be complied with until August, 1955.

In the case at bar, we had a trial judge who had no specific legislation authorizing the separation of men and women jurors, H.B. 78, Chap. 288, Acts 54th Legislature, Regular Session 1955, did not become effective until May 20, 1955, Vernon's Ann. Civ.St. arts. 2133, 2135; Vernon's Ann. C.C.P. arts. 623, 670, and who had no notice that this Court would hold that such legislative authority was not necessary.

In Jackson v. State, supra, we pointed out that changes as fundamental as the one making women eligible for jury service could not be made overnight.

We are not here confronted with an arbitrary disregard of the statutory method of selecting and empaneling jurors without discrimination because of sex, race, nationality or religion. Appellant belongs to a different sex from that of the excused jurors, and, as stated, no violation of the Constitution or statutes is shown in this record.

■ We recognize that the recent amendment of the Constitution of this State imposes upon women as a class the inescapable duty of jury service, and our decision here is not to be construed as condoning any arbitrary disregard of such constitutional mandate in the selection and empaneling of jurors in our courts. See Winfield v. State, Tex.Cr.App., —— S.W. 2d ——.

In the absence of a statement of facts, the remaining bill of exception cannot be appraised.

■ The State's motion for rehearing is granted, the judgment of reversal is set aside, and the judgment is now affirmed.

## On State's Motion for Rehearing

DAVIDSON, Judge (dissenting).

Notwithstanding the fact that the trial court, intentionally and without lawful au-

thority, discharged from the jury panel eight women who possessed the qualifications of jurors and who had been selected for jury service in accordance with law, my brethren affirm this conviction solely upon the theory that the error of the trial court in so discharging the women jurors was harmless to the appellant.

My brethren excuse and justify the trial court's unauthorized discharge of the eight women jurors solely because he had no legislative authority permitting the separation of men and women jurors and "had no notice that this Court would hold that such legislative authority was not necessary."

But we did so hold, in Dukes v. State, Tex.Cr.App., 282 S.W.2d 235. The constitutional amendment extending to women the right to serve on juries was self-enacting; no enabling legislation was necessary in order to qualify women for jury service.

From and after November 19, 1954, the effective date of the amendment, women were qualified for jury service in this state. Torres v. State, Tex.Cr.App., 278 S.W.2d 853.

The jury commissioners who selected the jury panel in this case recognized such fact, because, in the performance of their duty to select jurors from those "liable to serve as jurors", Art. 2110, R.C.S., they selected eight women on the jury panel.

The trial court may not have had notice from this court as to what our holding would be as to jury separation—as my brethren suggest—but he surely had notice that the eight women he was discharging from jury service were qualified under the Constitution of this state and had been duly selected to so serve.

If the trial court could discharge the eight women jurors without lawful authority, as he did here, he could discharge the entire panel by the same process and for the same reason, and thereby would he defeat and nullify the whole of our statutory process for the selection of juries in this state.

I am at a loss to understand how it can be said that under such a state of facts due process of law and trial by jury have not been denied or the statutes of this state governing the selection of juries have not been violated.

In Tomlin v. State, 108 Tex.Cr.R. 522, 1 S.W.2d 635, we held that a trial court was without lawful authority to arbitrarily discharge a regularly drawn jury panel. A reversal of the conviction was based upon that arbitrary action.

The denial to an accused of a jury selected and impaneled as required by the laws of this state constitutes reversible error, without the necessity of a specific showing of injury. 26 Tex.Jur., Sec. 78, p. 642, wherein the rule is quoted as follows, from White v. State, 45 Tex.Cr.R. 597, 78 S.W. 1066, 1068:

> " 'The right of trial by jury stands upon a higher plane than expediency; and fair trial by jury means a jury selected according to law regulating their selection and impanelment.' "

Supporting authorities are there cited. It is also there quoted, from Adams v. State, and Bell v. State, cited below:

> " 'It is no answer to this requirement of the statute to urge that no injury is shown; that appellant, by the means adopted, was furnished with a fair and impartial jury. We might go further, and say, according to this reasoning, the court might adopt any method outside of the statute which might secure a fair and impartial jury. The law has ordained a tribunal for the trial of criminal cases, and has provided the method of selecting a jury, and there is no authority to resort to any other method, and it is not incumbent on appellant to show that he suffered injury by the failure of the court to follow the statutory method.' "

Adams v. State, 50 Tex.Cr.R. 586, 99 S.W. 1015, 1016; Bell v. State, 92 Tex.Cr.R. 342, 243 S.W. 1095.

In view of the authorities discussed, it is indeed difficult to understand how my

brethren can say that the error of the trial court was harmless and that the appellant had no right to complain thereof.

As further supporting my views here, I refer to my dissenting opinion this day delivered in Winfield v. State, No. 27,770, upon a question of similar import.

I respectfully dissent from the affirmance of this case.