

THE ATTORNEY GENERAL

OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

ffirmed by M-338

October 22, 1968

Honorable Maurice S. Pipkin          Opinion No. M-296
Executive Director
State Judicial Qualifications Board   Re:  Date on which terms of
Austin, Texas  78711                       members of State Judicial
                                           Qualifications Commission
Dear Mr. Pipkin:                           commence and terminate.

          You have requested the opinion of this office con-
cerning the above matter, and, in this connection, have pro-
vided us with the following statement from which we quote, in
part:

          "The State Judicial Qualifications Commission
     was established by Constitutional Amendment dur-
     ing the 59th Session of the Legislature and was
     adopted by the voters of the State in the General
     Election in November, 1965.  Relative to appoint-
     ment and term of office the Constitutional Amend-
     ment reads as follows:

          "(2)  There is hereby created the State
     Judicial Qualifications Commission, to consist
     of nine (9) members to wit:  (i) two (2) Justices
     of Courts of Civil Appeals; (ii) two (2) Dis-
     trict Judges; (iii) two (2) members of the State
     Bar, who have respectively practiced as such for
     over ten (10) consecutive years next preceding
     their selection; (iiii) three (3) citizens, at
     least thirty (30) years of age, not licensed to
     practice law nor holding any salaried public of-
     fice or employment; provided that no person shall
     be or remain a member of the Commission who does
     not maintain physical residence within this State,
     or who resides in, or holds a judgeship within
     or for, the same Supreme Judicial District as
     another member of the Commission, or who shall
     have ceased to retain the qualifications above
     specified for his respective class of member-
     ship.  Commissioners of classes (i) and (ii)
     above shall be chosen by the Supreme Court with
     advice and consent of the Senate, those of class
     (iii) by the Board of Directors of the State Bar
     under regulations to be prescribed by the Supreme

- 1429 -

Court with advice and consent of the Senate, and those of class (iiii) by appointment of the Governor with advice and consent of the Senate.

"(3) The regular term of office of Commissioners shall be six (6) years; but the initial members of each of classes (i), (ii) and (iii) shall respectively be chosen for terms of four (4) and six (6) years, and the initial members of class (iiii) for respective terms of two (2), four (4) and six (6) years. Interim vacancies shall be filled in the same manner as vacancies due to expiration of a full term; but only for the unexpired portion of the term in question. Commissioners may succeed themselves in office only if having served less than three (3) consecutive years.

"Subsequent to that time, Commissioners class (i) and (ii) were chosen by the Supreme Court, those of class (iii) by the Board of Directors of the State Bar, and those of class (iiii) by the Governor. All were confirmed with advice and consent of the Senate.

"The Legislature of the State of Texas, 60th Called Session, provided funds for the establishment of an office and staff and set forth the term of office as follows:

"Chapter 516 (H.B. No. 378)

"Section 13. The initial term of the members of said Commission shall commence as of the 22nd day of May, 1967.

". . .

". . . Under the law and facts as given to you, when were the appointments effective, and, therefore, when do such appointments terminate?"

Section 1-a of Article V of the Constitution of Texas, to which you refer, was adopted at the General Election on November 2, 1965. Quoting from the text of said Amendment:

"(2) There is hereby created the State Judicial Qualifications Commission . . . ." (Emphasis added.)

- 1430 -

You have further advised that the official canvass showing adoption of the constitutional amendment was November 19, 1965.

The effective date of creation of the Commission was November 19, 1965, and the initial terms of the positions thereon began running from such date for respective two, four, and six year periods. An amendment is deemed to become a part of the Constitution on the date of the official canvass showing it has been adopted. 12 Tex.Jur.2d 358, Const. Law, Sec. 8; Torres v. State, 161 Tex.Crim. 480, 278 S.W.2d 853 (1955); Rogers v. State, 163 Tex.Crim. 260, 289 S.W.2d 923 (1956). A term of office is not necessarily measured by the date of appointment thereto, but rather by the date set by the act which brings such office into existence. Even though no specific date is mentioned by such act, its terms may be such, as is the case here, that a definite date may be readily ascertained. Bruce v. Matlock, 111 S.W. 990 (Ark.Sup. 1908); Boyd v. Huntington, 11 P.2d 383 (Calif.Sup. 1932); People v. Morris, 106 P.2d 635 (Calif.Dist.App. 1940).

The primary question involved herein arose from the passage on June 14, 1967, by the Legislature of a bill dealing with the Commission, including a provision that the initial terms commence May 22, 1967. The foregoing discussion having shown that the initial terms began on November 19, 1965, an obvious conflict arises with the provision in question. [On page 384 of Boyd v. Huntington, supra, some discussion is directed to the efficacy of establishing a set date for terms of board members appointed to staggered terms.] Three rules of decision harmonize to settle this conflict, the first being that, where a constitutional provision comes into irreconcilable conflict with a statutory provision, the former shall control. 12 Tex.Jur.2d 374, Constitutional Law, Sec. 30.

The second rule of decision holds that, where a term of office is set by the Constitution, the Legislature may neither shorten nor extend such term by statute. 47 Tex.Jur.2d 58, Public Officers, Sec. 38. And the third rule is likewise directed to the conflict at hand, in holding that, where a controversy arises as to the duration of a term of office, the earliest dates for commencement and termination of the term should be adopted, in order to return the selective power to those exercising same at the earliest opportunity. Wright v. Adams, 45 Tex. 134 (1876); accord, Dobkins v. Reece, 17 S.W.2d 81 (Tex.Civ.App. 1929, error ref.).

You are hereby advised, therefore, that the State Judicial Qualifications Commission came into existence on

November 19, 1965, and the initial terms of office commenced on that date, and terminate November 19, 1967, 1969, and 1971 respectively.

### S U M M A R Y

The State Judicial Qualifications Commission, created by adoption of Section 1-a of Article V of the Constitution of Texas, came into existence on November 19, 1965.  The initial terms of office commenced on that date, and terminate November 19, 1967, 1969, and 1971, respectively.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Bill Corbusier
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Dyer Moore, Jr.
Bob Lattimore
Malcolm Quick
Bill Craig

A. J. CARUBBI, JR.
Executive Assistant